Filed 10/21/25  P. v. Rossberg CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KAI DANGER ROSSBERG,<br><br>    Defendant and Appellant. | A171484<br><br><br>(Contra Costa County<br>Super. Ct. No. 042301978) |

Kai Danger Rossberg appeals after he pled no contest to involuntary manslaughter (Pen. Code, § 192, subd. (b)),[1] admitted a personal firearm use enhancement allegation (§ 12022.5, subd. (a)), and the trial court sentenced him to a five-year prison term.  Rossberg does not challenge the validity of his plea; rather, he asserts the trial court abused its sentencing discretion by denying his request for probation and by declining to strike the firearm enhancement.  We affirm.

### BACKGROUND

### A.

In April 2023, Rossberg shot and killed his friend Jesus Gallegos at Gallegos's home in Bay Point.  Several witnesses and Rossberg—who had been drinking alcohol and smoking

---

[1] Undesignated statutory references are to the Penal Code. Because Rossberg entered a no contest plea, we (like the parties) take the facts from the probation report.

1

marijuana—were present when police arrived.  Rossberg had blood on his hands and appeared emotionally distraught.  He yelled, " 'Oh my fucking God, why did I do that?!' "  When officers asked Rossberg what happened, he responded, " 'I can't say that shit bro.' "  Rossberg turned to one of Gallegos's nephews and said, " 'I am . . . sorry[.]  I owe everything to your fucking family bro.' "

One witness told responding officers that the firearm used in the shooting belonged to Gallegos; that Gallegos had been showing the firearm to her and Rossberg before the shooting; and that Rossberg shot Gallegos.  A second witness said he was playing on a phone in a room with his younger brother when he heard a loud noise that sounded like metal hitting the floor.  That same witness saw Rossberg outside the room.  Rossberg was saying, " 'Call the cops, oh my God I don't want to get arrested, my only friend is dead. . . . Don't tell them it was me, tell them he shot himself.' "

A third witness said he was in the garage when he heard Rossberg and the first witness arrive at the residence and shortly thereafter, a gunshot went off.  The third witness stated that Rossberg approached him and demanded he report to the police that Gallegos had shot himself.

### B.

Rossberg entered an open plea of no contest to involuntary manslaughter (§ 192, subd. (b)), admitted having personally used a firearm in committing that felony (§ 12022.5, subd. (a)), and agreed the trial court would determine his sentence.  At sentencing, the trial court denied Rossberg's requests for probation and to strike the firearm enhancement.  The court imposed a two-year prison term for involuntary manslaughter and a (consecutive) three-year prison term for the firearm enhancement.

DISCUSSION

**A.**

Rossberg maintains the trial court should have granted his request for probation—despite him being presumptively ineligible—because his case was unusual. (See § 1203, subd. (e)(2).) He has not demonstrated an abuse of discretion. (See *People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831 [standard of review].)

**1.**

"Probation is generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation. [Citations.] The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) However, probation is an unavailable sentencing choice in many serious felony cases and presumptively unavailable in others. (*People v. Welch* (1993) 5 Cal.4th 228, 233.)

Section 1203, subdivision (e)(2), creates one instance of presumptive ineligibility. The statute provides: "Except in unusual cases in which the interests of justice would best be served if the person is granted probation, probation shall not be granted to [¶] . . . [¶] [a]ny person who used . . . a deadly weapon upon a human being in connection with the perpetration of the crime of which that person has been convicted." (§ 1203, subd. (e)(2).) To determine whether a case is "unusual," courts consider the factors listed in California Rules of Court, rule 4.413(c).[2]

---

[2] All undesignated rule references are to the California Rules of Court. A court should consider the following factors (among others) in determining whether a case is "unusual": (1) the "circumstance giving rise to the limitation on probation is . . . substantially less serious than the circumstances typically

(Rule 4.413(b).)  Rule 4.413 lists factors which "may" indicate the existence of an unusual case.  The rule is permissive, not mandatory.  (*People v. Stuart* (2007) 156 Cal.App.4th 165, 177-178 (*Stuart*).)  Thus, even when a listed factor is established, a trial court is not required to find a case unusual.  (*Ibid.*)

Furthermore, the exception for "unusual cases" must be construed narrowly to ensure the continued meaning of the statutory limitations on probation.  (*People v. Superior Court (Dorsey)* (1996) 50 Cal.App.4th 1216, 1229 (*Dorsey*).)  Unusual cases must be limited to "those matters in which the crime is either atypical or the offender's moral blameworthiness is reduced."  (*Ibid.*; accord, *Stuart, supra*, 156 Cal.App.4th at p. 178.)  When a trial court denies probation to a presumptively ineligible defendant, the court need not specify its reasons.  (*People v. Bradley* (1993) 15 Cal.App.4th 1144, 1156.)

On the other hand, if a sentencing court determines that a presumption against probation is overcome, the court must then continue to the second step of the evaluation—determining whether probation is appropriate under the circumstances.  (See rules 4.413(b), 4.414; *Dorsey, supra*, 50 Cal.App.4th at p. 1229.)  Rule 4.414 sets out circumstances affecting the probation

---

present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence" (rule 4.413(c)(1)(A)); (2) "[t]he defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant has no recent record of committing crimes of violence" (rule 4.413(c)(2)(A)); (3) "[t]he crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation" (rule 4.413(c)(2)(B)); and (4) "[t]he defendant is youthful or aged, and has no significant record of prior criminal offenses."  (Rule 4.413(c)(2)(C).)

4

suitability decision, which include facts relating both to the crime and to the defendant.  (Rule 4.414(a)-(c).)

A trial court's denial of probation " 'is almost invariably upheld' " if the decision is made after consideration on the request's merits.  (*People v. Mehserle* (2012) 206 Cal.App.4th 1125, 1157.)  The defendant bears the burden to show that, considering all the circumstances, the denial of probation was arbitrary, capricious or exceeded the bounds of reason.  (*People v. Bradley* (2012) 208 Cal.App.4th 64, 89.)  In reviewing sentencing decisions, we presume the trial court properly exercised its judicial discretion in the absence of a clear showing that the decision was irrational or arbitrary.  (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377; *People v. Martinez* (1985) 175 Cal.App.3d 881, 896.)

**2.**

Rossberg concedes he is presumptively ineligible for probation, under section 1203, subdivision (e)(2), because he used a deadly weapon in committing involuntary manslaughter.  (See § 192.)  He nonetheless contends the trial court abused its discretion because the court gave insufficient weight to evidence that suggested his culpability was reduced because: (1) he committed the crime due to a mental condition (rule 4.413(c)(2)(B)), and (2) he was a youth (18 years old at time of the shooting) and lacked a criminal record.[3]  (Rule 4.413(c)(2)(C).)  We find no abuse of discretion.

---

[3] We note that defense counsel's sentencing memorandum and the supporting forensic psychological evaluation were filed under seal in this court and that the parties have, in compliance with Rule 8.46(g), filed both redacted and unredacted briefs to preserve confidentiality.  Although we have reviewed the contents of the sealed reports, we do not refer to the content of the reports in any detail.

Rossberg's argument appears to be grounded (at least in part) in the fact that the trial court did not explicitly mention all these factors on the record when it stated the presumption of ineligibility was not overcome. But the court did not need to state its reasons for denying probation—because Rossberg was presumptively ineligible—and we presume the trial court considered the correct factors unless the record affirmatively shows otherwise. (Rule 4.409; *People v. Carmony, supra*, 33 Cal.4th at pp. 376-377; *People v. Bradley, supra,* 15 Cal.App.4th at p. 1156.) Furthermore, the trial court explicitly stated it had considered the probation report and a forensic psychological evaluation submitted by the defense, which discussed the very same factors Rossberg now claims were ignored. Despite considering Rossberg's youth, the fact this was his first offense, and other factors (including the seriousness of the harm he caused), the probation department found this did not present an unusual case.

And, even if the court agreed that Rossberg's youth, record, and developmental disorder were existing circumstances that diminished his culpability, the court was not required to find his case unusual. (See *Stuart, supra*, 156 Cal.App.4th at p. 178.) In fact, after defense counsel emphasized the same factors at the sentencing hearing, the court explained, Rossberg "clearly is youthful and has . . . no record. This is a very strongly favorable factor to [his argument]. [¶] But having considered all of the other relevant factors . . . to be considered in the decision whether to grant probation, I do not think that this factor, his youth and lack of record, itself overcomes the presumption that probation is not eligible." The court also later explicitly recognized that Rossberg had been diagnosed with a developmental disorder as a child. Although this "may be one of the many complex factors that led him to make the decision that he made," the court did not believe that condition "significantly reduces his culpability." The trial court also reasonably found that the circumstances were

6

not "substantially less serious" because Gallegos was vulnerable in his own home and had been killed as a result of Rossberg's recklessness; because Rossberg had previously threatened to kill Gallegos out of apparent romantic jealousy; because Rossberg was admittedly familiar with firearms; and because Rossberg likely loaded the magazine and racked the slide to move a cartridge into the chamber before pulling the trigger. The court concluded, "Rossberg's conduct in this case reflects such a degree of recklessness . . . that there is a substantial risk of further dangerous behavior, at least until he reaches the age of maturity and judgment that doesn't come until adulthood, more biological adulthood than chronological."

In other words, the trial court explicitly considered the circumstances Rossberg cites and found these circumstances were not sufficient, under all the circumstances, to overcome the presumption of ineligibility. We cannot reweigh the evidence to reach a different decision. (See *Stuart, supra*, 156 Cal.App.4th at pp. 178-179.)

### 3.

We also reject Rossberg's claim that the trial court's decision deprived him of his constitutional right to due process. An arbitrary denial of procedural sentencing rights afforded to a defendant by state law may violate a defendant's right to due process under the Fourteenth Amendment. (*Hicks v. Oklahoma* (1980) 447 U.S. 343, 346-347.) Here, however, the trial court did not arbitrarily reject probation or violate any identified procedural safeguards.

### B.

Rossberg also challenges the trial court's decision to decline to strike, in furtherance of justice, his admitted firearm use enhancement. (See §§ 12022.5, subd. (c), 1385, subd. (c).) He

shows no abuse of discretion.  (See *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298 [standard of review].)

1.

Since 2018, trial courts have discretion to strike or dismiss firearm enhancements found true "in the interest of justice." (§§ 12022.5, subd. (c), 12022.53, subd. (h), as amended by Stats. 2017, ch. 682, § 2, eff. Jan. 1, 2018; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15-16.)  Section 1385, subdivision (c)(1), provides: "Notwithstanding any other law, the court *shall* dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  (Italics added.)  "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. *Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety*.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (§ 1385, subd. (c)(2), italics added.)

As relevant here, the list of mitigating circumstances in section 1385, subdivision (c)(2), includes: "The current offense is connected to prior victimization or childhood trauma."  (§ 1385, subd. (c)(2)(E).)  " 'Childhood trauma' means that as a minor the person experienced physical, emotional, or sexual abuse, physical or emotional neglect.  A court may conclude that a defendant's childhood trauma was connected to the offense if, after reviewing any relevant and credible evidence, including, but not limited to, police reports, preliminary hearing transcripts, witness statements, medical records, or records or reports by qualified medical experts, the court concludes that the defendant's

8

childhood trauma substantially contributed to the defendant's involvement in the commission of the offense." (§ 1385, subd. (c)(6)(A).)

In deciding whether to strike a firearm enhancement in the interest of justice, the trial court must consider the same factors it is required to consider when sentencing in the first instance. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116-117.) Those factors include general sentencing objectives (including protecting society and deterrence of criminal conduct), whether the victim was particularly vulnerable, whether the defendant was armed or used a weapon in committing the crime, and whether the crime involved great violence, threat of great bodily harm, or a high degree of cruelty, viciousness, or callousness. (*Id.* at p. 117; Rules 4.410 & 4.421.)

**2.**

Rossberg claims that his parents' divorce and purportedly improper treatment of his diagnosed developmental disorder constituted childhood trauma and the trial court was thereby compelled to strike his firearm enhancement in the interests of justice. He is wrong.

First, section 1385, subdivision (c)(2), does not erect a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety. (*People v. Walker* (2024) 16 Cal.5th 1024, 1029, 1032-1034 (*Walker*).) Although the statute uses the word "shall," the text of subdivision (c) as a whole reflects that the trial court has discretion to determine whether dismissal of an enhancement would be in the interests of justice. (*Walker,* at p. 1033.) Our Supreme Court, in *Walker,* explained: "[I]f the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in furtherance of justice. This means that, absent a

9

danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement *unless the sentencing court finds substantial, credible evidence of countervailing factors* that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id.* at p. 1036, italics added.)

Second, the trial court implicitly found that dismissal of the firearm enhancement would endanger public safety. Thus, the trial court was free to impose the enhancement without considering the enumerated mitigating factors at all. (*Walker, supra*, 16 Cal.5th at p. 1038 ["absent a finding that dismissal would endanger public safety, a court must assign significant value to the enumerated mitigating circumstances when they are present"]; accord, *People v. Mendoza, supra*, 88 Cal.App.5th at p. 296 ["if the court finds that dismissal of an enhancement 'would endanger public safety,' then the court need not consider the listed mitigating circumstances"].)

Rossberg has failed to demonstrate the trial court abused its discretion in declining to strike the firearm enhancement.

## DISPOSITION

The judgment is affirmed.

BURNS, J.

WE CONCUR:


SIMONS, ACTING P.J.
CHOU, J.

*P. v. Rossberg (A171484)*